IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEVIN LARKIN & MAUREEN | : | |
| LARKIN, individually and as | : | |
| ADMINISTRATRIX FOR THE ESTATE | : | |
| OF TIMOTHY LARKIN, and | : | |
| KEVIN LARKIN, individually, | : | |
| | : | |
| Plaintiffs, | : | CIVIL ACTION NO. 14-1802 |
| | : | |
| v. | : | |
| | : | |
| GEICO GENERAL INSURANCE | : | |
| COMPANY d/b/a GEICO, and | : | |
| NATIONWIDE MUTUAL INSURANCE | : | |
| COMPANY d/b/a NATIONWIDE, | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM OPINION

Smith, J.                                                    February 13, 2015

Presently before the court are the respective motions to dismiss the complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), filed by the defendants, Geico General Insurance Company ("Geico") and Nationwide Mutual Insurance Company ("Nationwide"). In the motions, the defendants seek to have the court dismiss the complaint because the plaintiffs, Kevin Larkin, individually, and Maureen Larkin, individually and as Administratrix for the Estate of Timothy Larkin, are not entitled to recover underinsured motorist ("UIM") benefits under either their family Geico automobile insurance policy or their business Nationwide automobile insurance policy. For the reasons set forth below, the court will grant the motions and dismiss the complaint.

## I.     ALLEGATIONS AND PROCEDURAL HISTORY

On March 4, 2012, the plaintiffs commenced this action by filing a complaint against the defendants in the Court of Common Pleas of Chester County, Pennsylvania.  Notice of Removal ("Notice"), at Ex. 1, Compl., Doc. No. 1.  In the complaint, the plaintiffs allege that in July 2010, Timothy Larkin (the "decedent"), the son of Kevin Larkin ("Father") and Maureen Larkin, was operating a motorcycle that he jointly owned with Father, when an underinsured motorist named Salamatu Kamara ("Kamara") struck the motorcycle (the "accident").  Compl. at ¶¶ 3, 6, 7, 31.  As a result of the accident, the decedent sustained serious bodily injuries, mild traumatic brain injury, and neuropsychological impairment.  *Id.* at 8.  The plaintiffs allege that these injuries eventually led him to commit suicide on May 28, 2012.  *Id.* at ¶ 9.

At the time of the accident, Allstate Insurance Company ("Allstate") insured Kamara through a policy with a $15,000 bodily injury liability protection limit.  *Id.* at ¶ 13.  Allstate paid the $15,000 policy limit and Geico and Nationwide provided the decedent with consent to settle and waiver of subrogation.  *Id.* at ¶ 21.  The motorcycle operated by decedent was insured by Progressive Insurance Company ("Progressive"), but unfortunately, UIM coverage had been rejected.  *Id.* at ¶ 15.  Because the $15,000 recovered from Allstate was inadequate to compensate the plaintiffs for their injuries and losses, and because the motorcycle the decedent operated was insured by the Progressive policy where UIM coverage had been rejected, the plaintiffs claimed coverage under their family and business automobile insurance policies with Geico and Nationwide, both of which insured the decedent as a relative and household member, and both of which provided for UIM coverage (hereinafter referred to as the "Nationwide

Policy" and the "Geico Policy").  *Id.* at ¶¶ 14-19.[1]  Both Geico and Nationwide disclaimed coverage under their respective policies because of household exclusion provisions.  *Id.* at ¶ 22.

Based on the aforementioned allegations, the plaintiffs seek declaratory judgments against Geico and Nationwide as to the UIM coverage under the respective policies, and assert state-law causes of action for breach of contract against each defendant.  *Id.* at ¶¶ 24-54.  On March 26, 2014, the defendants filed a notice of removal, stating that removal was proper under 28 U.S.C. § 1441 and 28 U.S.C. § 1446.  Notice at ¶¶ 1, 24-26.  The defendants also claimed that the court has diversity jurisdiction over the action under 28 U.S.C. § 1332(a)(1).  *Id.* at ¶ 25.

Nationwide and Geico filed the instant motions to dismiss on April 2, 2014, and April 4, 2014, respectively.  Doc. Nos. 6, 8.  The plaintiffs filed a response to Nationwide's motion on April 20, 2014, and a response to Geico's motion on May 2, 2014.  Doc. Nos. 11, 12. Nationwide filed a reply to the plaintiffs' response on May 13, 2014.  Doc. No. 13.  The motions are now ripe for disposition.

## II.    DISCUSSION

In Nationwide's motion, it argues that the court should dismiss the complaint because the UIM coverage purchased under its policy was restricted to the specifically described covered automobiles in the policy, and the motorcycle the decedent was operating at the time of the accident was not one of the covered automobiles.  Def. Nationwide Mutual Ins. Co.'s Mot. to Dismiss Pursuant to F.R.C.P. 12(b)(6) ("Nationwide's Mot.") at ¶¶ 22-25.  In response to this argument, the plaintiffs contend that the UIM endorsement on the Nationwide Policy does not specifically exclude UIM portability (*i.e.*, that the coverage follows the person and not a particular vehicle), and that it contains ample language which would confuse a reasonable

---

[1] At the time of the accident, the Geico Policy provided a total of $45,000 in UIM coverage and the Nationwide Policy provided a total of $900,000 in UIM coverage.  Compl. at ¶¶ 18, 19.

insured into believing that the UIM coverage under the policy is portable.  Pls.' Mem. of Law in Opp'n of Def. Nationwide Mutual Ins. Co.'s Mot. to Dismiss Pls.' Compl. Pursuant to FRCP 12(b)(6) ("Pls.' Opp'n to Nationwide") at 3.

In Geico's motion, it argues that the court should dismiss the complaint because the UIM coverage purchased under the Geico Policy contains a household exclusion provision which precludes coverage for this accident.  Rule 12(b)(6) Mot. of Def. Geico General Ins. Co. d/b/a Geico, to Compl. of Pls.', Kevin Larkin and Maureen Larkin, Individually and as Adm'x for the Estate of Timothy Larkin and Kevin Larkin, Individually, for Failure to State a Claim on Which Relief Can Be Granted ("Geico's Mot.") at ¶¶ 22-27.  In response to this argument, the plaintiffs contend that the Geico Policy does not exclude vehicles such as the motorcycle, which are jointly owned by family members, or at the very least the policy is ambiguous as to whether the exclusion applies.  Pls.' Mem. of Law in Opp'n of Def. Geico Gen. Ins. Co.'s Mot. to Dismiss Pls.' Compl. Pursuant to FRCP 12(b)(6) ("Pls.' Opp'n to Geico") at 3-4.

## A.      Standard of Review – Rule 12(b)(6) Motions

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of a complaint or a portion of a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).  A motion to dismiss under Rule 12(b)(6) tests "the sufficiency of the allegations contained in the complaint."  *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (citation omitted).  As the moving party, "[t]he defendant bears the burden of showing that no claim has been presented."  *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citation omitted).

In general, a complaint is legally sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "The touchstone

4

of [this] pleading standard is plausibility." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012). Although Rule 8(a)(2) does "not require heightened fact pleading of specifics," it does require the recitation of "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). In other words, "[t]he plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quotation omitted). Ultimately, a complaint must contain facts sufficient to nudge any claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

In implementing the overarching plausibility standard, the court is required to conduct a three-part inquiry. First, the court must "outline the elements a plaintiff must plead to a state a claim for relief." *Bistrian*, 696 F.3d at 365 (citations omitted). Second, the court must identify allegations that are not "entitled to the assumption of truth" because they "are no more than conclusions." *Id.* (citations omitted). Thus, legal conclusions, whether in pure form or "couched as factual allegation[s]," and conclusory factual allegations are not entitled to be assumed true. *See Iqbal*, 556 U.S. at 678, 681 (quoting *Twombly*, 550 U.S. at 555); *Siwulec v. J.M. Adjustment Servs., LLC*, 465 F. App'x 200, 202 (3d Cir. 2012). Finally, the court must "look for well-pled factual allegations, assume their veracity, and then 'determine whether they plausibly give rise to an entitlement to relief.'" *Bistrian*, 696 F.3d at 365 (quotations omitted). This determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (citation omitted).

The court generally limits this three-part inquiry to "the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (citations omitted). However, the court may also properly consider "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Id.* (citations omitted).

### B.    Analysis

As indicated above, the plaintiffs seek a declaratory judgment as to whether Nationwide and Geico were required to provide UIM coverage to the decedent under their respective policies. Resolving the UIM coverage issue requires interpretation of the policies. *See Madison Constr. Co. v. Harleysville Mut. Ins. Co.*, 735 A.2d 100, 106 (Pa. 1999) (explaining that the court, rather than a jury, is tasked with interpreting an insurance contract). When interpreting the policies, the court must read each policy as a whole and construe its meaning according to its plain language. *Spector v. Fireman's Fund Ins. Co.*, 451 F. App'x 130, 136 (3d Cir. 2011). "Where a provision of a policy is ambiguous, the policy provision is to be construed in favor of the insured and against the insurer, the drafter of the agreement. Where, however, the language of the contract is clear and unambiguous, a court is required to give effect to that language." *Madison Constr.*, 735 A.2d at 106 (citation and internal quotation marks omitted). "[A] provision is ambiguous only if reasonable people could, in the context of the entire policy, fairly ascribe differing meanings to it." *Frog, Switch & Mfg. Co. v. Travelers Ins. Co.*, 193 F.3d 742, 746 (3d Cir. 1999).

1.      **Nationwide's Motion to Dismiss and Coverage Under the Nationwide Business**

**Automobile Policy**

The plaintiffs argue that the decedent is entitled to UIM benefits as a resident of his parents' household under the Nationwide Policy.  Nationwide claims that UIM coverage only applies when an insured individual suffers injury while occupying a covered vehicle and the motorcycle was not a covered vehicle.  The court agrees with Nationwide's interpretation of the Nationwide Policy and, thus, the decedent is not entitled to UIM benefits because the motorcycle was not a covered vehicle under the policy.

At the time of the accident, Father was insured under a Nationwide business auto policy with various types of coverage, including UIM coverage.  The policy declaration and coverage forms limited UIM coverage to two categories of vehicles:[2] category 7, which symbolizes "[o]nly those 'autos' described in "Item Three of the Declarations for which a premium charge is shown" and category 19, which symbolizes "[o]nly those 'autos' you do not own, lease, hire, rent or borrow that are used in connection with your business."[3]  Compl. at Ex. C, Nationwide Business Auto Declarations ("Nationwide Decls."); Nationwide's Mot. at Ex. 2, Nationwide Business Auto Coverage Form.  Category 7 vehicles are listed in "Item Three-- Schedule of Covered Autos You Own" on the second page of the policy.  Nationwide Decls.  This page reflects that the policy insured three covered vehicles, none of which are the motorcycle involved

---

[2] The business auto declarations state, "Each of these coverages will apply only to those 'autos' shown as covered 'autos.'"  Nationwide Decls.

[3] The Nationwide Policy declaration indicates which vehicles are insured under each coverage plan through the use of numerical symbols, which are defined on the Business Auto Coverage form.  The Business Auto Coverage form provides several descriptions of categories of vehicles represented by Covered Auto Designation Symbols, symbolized by numerals 1-9 and 19.  The Business Auto Coverage form was not included in the exhibits attached to the complaint, but was included as an exhibit to Nationwide's motion to dismiss.  The court finds that it may properly consider the entire Nationwide Policy as it is integral to the complaint.  *U.S. Express Lines, Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) ("Although a district court may not consider matters extraneous to the pleadings, 'a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment.'").

in the accident.  *Id.*  The plaintiffs do not allege that the motorcycle falls into category 19, as a vehicle not owned, leased, hired, rented, or borrowed by Father and used in connection with his business.  Therefore, the motorcycle was not a covered vehicle for purposes of UIM coverage and the plaintiffs may not recover under the Nationwide Policy for the injuries and losses they sustained because of the accident.

The plaintiffs argue that Nationwide Policy ambiguously includes language which would lead a reasonable insured to expect that UIM coverage under the policy is portable.  In this regard, the plaintiffs complain that the UIM endorsement, which modifies the Nationwide Policy, defines an "Insured" in such a way that contemplates portability.  The relevant portion reads as follows:

> **B.  Who Is An Insured**
>
> If the Named Insured is:
>
> 1. An individual, then the following are "insureds":
>
> a. The Named Insured and any "family members".
>
> b. Anyone else "occupying" a covered "motor vehicle" or a temporary substitute for a covered "motor vehicle" that is out of service because of its breakdown, repair, servicing, "loss" or destruction.
>
> c. Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another insured.

Compl. at Ex. D, Pennsylvania Underinsured Motorists Coverage – Stacked.  The plaintiffs argue that the absence of the words "covered 'motor vehicle'" in subparagraph B.1.a. indicates that the Named Insured and any "family members" should be covered regardless of whether they are in a "covered 'motor vehicle.'"  Such a narrow reading might support the plaintiffs' view that the UIM coverage would be portable, but the plaintiffs ignore the surrounding language of the endorsement or the remainder of the policy.  In addition to the policy declaration's language

limiting the UIM coverage to covered vehicles discussed above, the preamble to the UIM endorsement specifically states that the UIM coverage applies only to covered vehicles: "For a *covered* 'motor vehicle' licensed or principally garaged in, or 'garage operations' conducted in, Pennsylvania, this endorsement modifies insurance provided under the following:  BUSINESS AUTO COVERAGE FORM[,]  GARAGE COVERAGE FORM."  *Id.* (emphasis added). Therefore, in the context of the entire policy, there is only one fair reading of the extent of the Nationwide Policy's UIM coverage:  it applies only to covered vehicles.  *See Frog, Switch & Mfg. Co.*, 193 F.3d at 746.

The plaintiffs also argue that the "Exclusions" provision in the UIM endorsement illustrates that the policy contemplates UIM coverage portability.  The "Exclusions" provision, found in subparagraph C, reads in pertinent part,

> This insurance does not apply to any of the following:
>
> 4. "Bodily injury" sustained by:
>
> b. Any "family member" while "occupying" or when struck by any vehicle owned by that "family member" that is not a covered "auto" for Underinsured Motorists Coverage under this Coverage Form.

Compl. at Ex. D, Pennsylvania Underinsured Motorists Coverage – Stacked.  The plaintiffs claim that, if the policy excluded UIM coverage portability, this exclusionary provision would be unnecessary since the coverage would already be limited to instances where a family member was "occupying" a covered vehicle.  The plaintiffs believe that this exclusion indicates that the UIM endorsement contemplates factual scenarios where UIM coverage would be portable.

Even if the endorsement contemplated factual scenarios where UIM coverage *would* be portable, which it does not, the decedent's accident was not such a factual scenario.  Indeed, the "Exclusions" provision excludes from UIM coverage precisely what happened in this case:  The

9

decedent was a "family member" who was "occupying" a vehicle he owned that is not a covered auto.[4]  Nothing about that language is ambiguous.  Further, the enumeration of three factual scenarios where non-covered vehicles are excluded from UIM coverage does not altogether obliterate the preamble and the declarations' restriction of the UIM policy to covered vehicles.  "Superfluous exceptions are commonplace . . . and have the effect merely of 'mak[ing] assurance doubly sure.'"  *Williamson v. J.C. Penney Life Ins. Co.*, 226 F.3d 408, 411 (5th Cir. 2000) (citing *Crandon v. United States,* 494 U.S. 152, 174  (1990) (Scalia, J., concurring)).   In reality, these enumerated exclusions were likely included to emphasize that the UIM coverage does not extend to all household family members, but only covered vehicles, in an attempt to avoid the confusion of which the plaintiffs complain.

The plaintiffs also argue that the "Other Insurance" provision contemplates UIM coverage portability.  They reference the following provision:

> a. If there is any other applicable or similar insurance available under more than one coverage Form or policy, the following priorities of recovery apply:
> First – The Underinsured Motorist Coverage applicable to the vehicle the "insured" was "occupying" at the time of the "accident".
> Second – The Coverage Form or policy affording Underinsured Motorist Coverage to the "insured" as an individual Named Insured or "family member".

Compl. at Ex. D, Pennsylvania Underinsured Motorists Coverage – Stacked.  The plaintiffs argue that this "Other Insurance" language would be rendered unnecessary if UIM coverage were limited only to situations where family members were "occupying" covered autos, thus, the policy must allow for UIM coverage portability.  The court disagrees.  All that this provision

---

[4] The plaintiffs disagree with this interpretation of the phrase "owned by that 'family member'" and argue that this provision only applies to vehicles that are owned solely by the family member, and not co-owned by family members, as was the Larkins' motorcycle. The court is not persuaded by this argument.  Even as a half-owner of the vehicle, the decedent was still an owner and he falls within the ambit of the provision exempting owners of non-covered vehicles.  The plaintiffs "cannot torture the [policy] language to create ambiguities where none exist." *Swarner v. Mut. Ben. Grp.*, 72 A.3d 641, 644-45 (Pa. Super. 2013), *reargument denied* (Sept. 16, 2013), *appeal denied*, 85 A.3d 484 (Pa. 2014) (internal quotation marks omitted).

does is list the priority of recovery where multiple insurance policies apply, and anticipates that there may be an applicable UIM coverage plan that *is* portable—perhaps with another insurance carrier.  This provision does not indicate that the Nationwide Policy is portable.

For their final argument, the plaintiffs contend that Nationwide's position is inconsistent with the Pennsylvania Motor Vehicle Responsibility Law, which contemplates UIM portability. 75 Pa. C.S. § 1733.  Section 1733, titled "Priority of Recovery," states:

> **(a) General rule.--**Where multiple policies apply, payment shall be made in the following order of priority:
>
> (1) A policy covering a motor vehicle occupied by the injured person at the time of the accident.
>
> (2) A policy covering a motor vehicle not involved in the accident with respect to which the injured person is an insured.

*Id.*  As Nationwide points out, the statute pertains to situations where multiple insurance policies apply; this case does not present such a situation.  The only policy that applied to the motorcycle was the Progressive policy insuring the motorcycle.  Section (a)(2) contemplates the application of an insurance policy that is portable, but the Nationwide Policy explicitly applied to only covered vehicles.  *See Burstein v. Prudential Prop. & Cas. Ins. Co.*, 809 A.2d 204, 209 n.7 (Pa. 2002) ("While Section 1733 contemplates that UM and UIM coverage may be portable in some instances, it does not suggest that UM or UIM coverage would extend where the coverage has been specifically excluded, as is the case here.").

### 2.    Geico's Motion to Dismiss and Coverage Under the Geico Family Policy

Geico contends that the court should dismiss the complaint because the household exclusion in its policy precludes coverage for the accident.  The plaintiffs argue that they have a cognizable claim against Geico because the decedent is entitled to UIM benefits as a resident of

his parents' household under the Geico Policy.  The court finds that the household exclusion is unambiguous and applies to preclude coverage in this case.

Similar to the Nationwide Policy, the Geico Policy declaration page lists three vehicles that are insured under the policy, none of which are the motorcycle involved in the accident. Geico's Mot. at Ex. B, Family Automobile Policy Renewal Declarations.  The policy reflects that Geico charged a premium for each of the three vehicles for "Underinsured Motorist/With Stacking" coverage, and where the insurance company charges a premium, coverage for a particular type of insurance applies.  *Id.*  Therefore, under the Geico Policy, the three listed vehicles, and only those vehicles, had UIM coverage.

The plaintiffs assert that UIM coverage should still apply to the motorcycle involved in the accident because the Geico Automobile Policy Amendment, Underinsured Motorists Coverage policy does not exclude it.  The Exclusions provision reads, in pertinent part,

> 2. This coverage does not apply to bodily injury while occupying or being struck by a vehicle owned or leased by *you* or a *relative* that is not insured for Underinsured Motorists Coverage under this policy.

Geico's Mot. at Ex. B, Geico Automobile Policy Amendment, Underinsured Motorists Coverage Pennsylvania.[5]  The plaintiffs' posit that the motorcycle involved in the accident does not fall into this exclusion because it was jointly owned by "you" (Father) *and* a "relative" (the decedent).  In other words, only if Father was the sole owner of the motorcycle would the policy exclude it from coverage, and only if decedent was the sole owner of the motorcycle would the policy exclude it from coverage, but, because Father and the decedent are co-owners of the motorcycle, the policy does not exclude it.  This interpretation is untenable.  First, the plain reading of the exclusion language and the associated definitions is that UIM coverage does not

---

[5] The policy defines "You" as the "policyholder named in the declarations and his or her spouse if a resident of the same household."  Geico's Mot. at Ex. B, Pennsylvania Family Automobile Insurance Policy, Section I, ¶ 13.  The policy defines "Relative" as "a person related to *you* who resides in *your* household."  *Id.* at ¶ 8.

apply to a non-covered vehicle when any person who resides in the household, including the policy-holder, has an ownership interest in the vehicle.[6]   Second, reading the UIM amendment and the policy as a whole, which the court must, the clear meaning of the household exclusion is that the UIM coverage only applies to *covered* household vehicles, regardless of which, or how many, members of the household own them—that is, vehicles for which Geico received a premium.   Contrary to the plaintiffs' assertion, this language is not ambiguous and the court cannot "distort the meaning of the language or resort to a strained contrivance in order to find an ambiguity."   *Madison Constr. Co. v. Harleysville Mut. Ins. Co.*, 735 A.2d 100, 106 (Pa. 1999).

### III.   CONCLUSION

Examining the record before the court, which is limited to the allegations in the complaint and copies of the Nationwide and Geico Policies and their respective endorsements and amendments, the court finds that these insurance policies are inapplicable to the motorcycle involved in the decedent's accident.   Therefore, the court will grant the motions to dismiss the complaint because the plaintiffs are not entitled to UIM coverage under these policies for their injuries and losses as a result of the accident.   Under this disposition, the court need not address the remaining breach of contract claims against each defendant.

An appropriate order follows.

BY THE COURT:

*/s/ Edward G. Smith*
EDWARD G. SMITH, J.

---

[6] To be accurate, as written on the declaration page, the Geico Policy's UIM coverage does not apply to *any* non-covered vehicle, but as with the Nationwide Policy, the household family member exclusion is emphasized.